UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRITTANY B., B/N/F LEAH & ROBERT BOOTH  )<br>)<br>  Plaintiff,  )<br>)<br>VS.  )<br>)<br>DANNY JASON MARTINEZ, LYTLE INDEPENDENT SCHOOL DISTRICT, AND BOARD OF TRUSTEES INDIVIDUALLY AND AS REPRESENTATIVES OF LYTLE INDEPENDENT SCHOOL DISTRICT,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>  Defendants.  ) | Civil Action No.  SA-07-CV-15-XR |

**ORDER**

On this date, the Court considered Plaintiffs' motion for other substituted service (Docket No. 23).  Plaintiffs' four sentence motion requests that the Court allow service on Danny Jason Martinez "by posting on the courthouse door."  The motion is DENIED because Plaintiffs did not cite to any authority in their motion, which is a violation of Local Rule CV-7(c), and Plaintiffs failed to exercise due diligence in locating Martinez.  Although the Court's previous Order stated that the only claim remaining in this case is the Title IX claim against the District, the Court now recognizes that Plaintiffs have alleged a valid section 1983 claim against Martinez in their Second Amended Complaint.

The Court assumes that Plaintiffs filed their motion for other substituted service pursuant to Fed. R. Civ. P. 4(e)(1), which allows service to be effected pursuant to the law of the state in which the district court is located.  The posting of a petition on the courthouse door is analogous to service

by publication, Tex. R. Civ. P. 109, or other substituted service, Tex. R. Civ. P. 109a. *Gray v. PHI Resources, Ltd.*, 710 S.W.2d 566, 568 (Tex. 1986). According to Rule 109, Plaintiffs are not entitled to rely on service by publication unless "after due diligence" they "have been unable to locate the whereabouts of such defendant." The affidavit of the private process server, which was attached to Plaintiffs' motion and dated December 13, 2006, only states that the school district does not know the current address of Martinez. The Court finds that merely asking the school district for the current address of Martinez does not constitute due diligence.

This lawsuit was originally filed in state court on October 30, 2006. In their Original Petition, Plaintiffs stated that the current address of Martinez was unknown. Rule 4(m) of the Federal Rules of Civil Procedure, entitled "Time Limit for Service" states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Within two weeks of the signing of this Order, Plaintiffs are ORDERED to show cause for their failure to serve Martinez within the 120 day deadline. Specifically, Plaintiffs must indicate whether they have exercised due diligence in locating Martinez. Have they hired a private investigator? Have they obtained his personnel file and searched for his most current address through his social security number? Have they requested information from the State Board for Educator Certification? Courts in Texas only allow service by publication or other substituted service after the plaintiff has exercised due diligence because these forms of service are disfavored and are unlikely to provide the defendant with notice of suit. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S.

306, 315 (1950). Furthermore, a non-appearing defendant who is served by publication or other substituted service is entitled to a wide array of procedural protections under Texas law. TEX. R. CIV. P. 109, 109a, 114, 116, 117, 244, 329(a); *Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992). After receiving Plaintiffs' response to the show cause Order, the Court will determine whether it will extend the time for service. Plaintiffs' motion for substituted service is DENIED.

Although Plaintiffs asserted claims for "sexual harassment" and "offensive physical contact" against Martinez in their Original Complaint and First Amended Complaint, these two claims were dropped from the Second Amended Complaint, which is the live pleading in this case. The Court's previous Order stated that the only claim remaining in this case is the Title IX claim against the District. After reviewing Plaintiffs' Second Amended Complaint, the Court finds that Plaintiffs have alleged a valid section 1983 individual capacity claim against Martinez for his alleged violation of Brittany's liberty interest in her bodily integrity that is protected by the due process clause of the Fourteenth Amendment. *See* Second Amended Complaint, Pgs. 10-11. Because the amended pleading deadline has expired, this section 1983 individual capacity claim is the only claim that remains pending against Martinez.

It is so ORDERED.

SIGNED this 18th day of July, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE